10-1121-cr
United States v. Kaur

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand and eleven.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                 *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

        -v.-                                    10-1121-cr

RUPINDER KAUR,

                     *Defendant-Appellant*.

_____

For Appellee:          Karin Orenstein, Emily Berger (*on the brief*), Assistant United
                       States Attorneys, Of Counsel, *for* Loretta E. Lynch, United States
                       Attorney, Eastern District of New York, Brooklyn, NY.

For Appellant:         Bruno C. Bier, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Rupinder Kaur appeals from her conviction by a jury of misappropriation of postal funds, 18 U.S.C. § 1711, and making false entries and reports of moneys, 18 U.S.C. § 2073. Kaur principally argues that the Government violated Federal Rule of Criminal Procedure 16(a)(1)(E) by failing to adequately disclose a video clip about which the Government elicited testimony during redirect examination of one of its witnesses. Kaur requests a new trial or a judgment of acquittal on account of the Government's alleged violation of Rule 16 of the Federal Criminal Rules of Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." "The test is whether 'it would be a manifest injustice to let the guilty verdict stand.'" *United States v. Guang*, 511 F.3d 110, 119 (2d Cir. 2007) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)). A new criminal trial is proper if there is "'a real concern that an innocent person may have been convicted.'" *United States v. Parkes*, 497 F.3d 220, 232 (2d Cir. 2007) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001)). This Court reviews a denial of a Rule 33 motion for abuse of discretion. *Id.*

"We will not disturb [a] conviction if, viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Greer*, 631 F.3d 608, 613 (2d Cir. 2011) (quoting *United States v. Xiao Qin Zhou*, 428 F.3d 361, 370 (2d Cir. 2005)). This Court reviews de novo a denial of a motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. *Id.*

In light of these principles, and after an exhaustive review of the record, we conclude for substantially the same reasons articulated by the district court that the district court properly denied Kaur's motion for a new trial and motion for a judgment of acquittal because the Government did not violate Rule 16 of the Federal Criminal Rules of Procedure.

We have considered all of Kaur's remaining arguments and find them to be without merit. For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk